Fain Drilling Company, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 9720. Promulgated June 13, 1947.

*Frank A. Chilson, Esq.*, for the petitioner.
*John W. Alexander, Esq.*, for the respondent.

### OPINION.

Murdock, *Judge*: This proceeding is based upon a notice from the Commissioner of the rejection of a claim for refund. The facts have

been stipulated. The notice of rejection is in part as follows: "In accordance with the requirement of Section 732 of the Internal Revenue Code notice is hereby given of the disallowance of your claim for refund requesting the application of Section 711 (b) (1) (k) (ii) filed June 30, 1944." The statement attached to the notice of disallowance contains the following:

After consideration of your claim under Section 711 (b) (1) (k) (ii) it has been held that an abnormal deduction in the amount of $176,761.59 was a proper adjustment to the excess profits net income for the base period year 1937, as determined in the computation of your above-stated excess profits tax liability.

The claim was for the refund of $7,346.84 of a total of $28,327.02 representing excess profits tax paid in July 1942 for the calendar year 1940. It was stated in the claim that it was filed to correct an error in the computation of the excess profits tax credit in that a credit of $158,288.09 had been allowed, whereas the correct credit was $179,-279.06. A schedule was attached to the claim showing the computation under which the petitioner arrived at a credit of $179,279.06. That credit was computed under section 713 (f). The point which the petitioner was attempting to make in its claim was that its earnings for 1937 which should properly be included as earnings of its base period for the purpose of the application of section 713 (f) should not be increased by the disallowance and restoration to income of a large deduction for intangible drilling and development costs. It contended in the claim that the deduction for those intangible drilling and development costs should not be disallowed and restored to income under section 711 (b) (1) (K) (ii).

It is essential in the case of a taxpayer seeking the benefit of section 713 (f) that the excess profits net income for the second half (1938 and 1939) of the base period exceed its excess profits net income for the first half (1936 and 1937) of that period. Apparently the excess profits net income of this taxpayer for the last half of the base period exceeded that for the first half only in case the deduction taken for intangible drilling and development costs in 1937 remained to reduce the 1937 gross income and was not restored by being disallowed as a deduction. The petitioner for that reason was contending in its claim for refund that the deduction should not be disallowed for 1937.

Section 711 is entitled "Excess Profits Net Income." Paragraph (a) thereof is in no way involved in the present proceeding. Paragraph (b) is entitled "Taxable Years in Base Period." Subparagraph (1) thereof provides how the excess profits net income shall be computed for certain years, including the base years of the present taxpayer. It specifies some adjustments to income. One is that deductions attributable to intangible drilling and development costs in connection with

oil wells shall not be allowed if abnormal, and, if normal, shall be disallowed to the extent that they exceed 125 per centum of the average amount of such deductions of the four previous taxable years. See section 711 (b) (1) (I). Section 711 (b) (1) (K) (ii) provides that in the application of (I) deductions shall not be disallowed "unless the taxpayer establishes that the abnormality or excess is not a consequence of an increase in the gross income of the taxpayer in its base period or a decrease in the amount of some other deduction in its base period, and is not a consequence of a change at any time in the type, manner of operation, size, or condition of the business engaged in by the taxpayer." The statement attached to the notice of disallowance for the claim for refund makes it clear that the Commissioner has disallowed as a deduction for 1937 and restored to income for that year $176,761.59 as intangible drilling and development costs, which he thinks should be disallowed under section 711 (b) (1) (I).

The Commissioner amended his answer at the trial in order to raise the issue whether the Tax Court has jurisdiction in a proceeding like this, but stated in his brief that he does not press that contention. There should be no uncertainty about jurisdiction. Section 732 (a) provides that the Tax Court shall have jurisdiction if a claim for refund of excess profits tax is disallowed "by the Commissioner, and the disallowance relates to the application of section 711 (b) (1) (H). (I), (J), or (K), * * * relating to abnormalities," and the taxpayer files a timely petition with the Tax Court after the receipt of the statutory notice of disallowance. The Tax Court in such cases has jurisdiction to make a redetermination of the excess profits tax. Here, the Commissioner disallowed a claim for refund of excess profits tax; the disallowance relates, as stated therein, to the application of section 711 (b) (1) (K); it also relates to the application of 711 (b) (1) (I) in conjunction with (K); and the taxpayer filed a timely petition with the Tax Court after the receipt of the statutory notice of disallowance. The Tax Court, therefore, has jurisdiction to redetermine the taxpayer's excess profits tax liability for 1940.

The petitioner in this proceeding is contending in effect that a disallowance of the deduction for intangible drilling and development costs can not be forced upon it. It relies upon *Colson Corporation*, 5 T. C. 1035, in which this Court held that the Commissioner may not invoke the provisions of section 711 (b) (1) (J) and disallow a bad debt deduction as an abnormality in computing excess profits net income for the base period year 1936 where the taxpayer was claiming an excess profits credit under section 713 (f) and the action of the Commissioner would result in a decrease in that credit and a corresponding increase in the tax. The Court pointed out that 711 (b) (1) (H), (I), and (J) were relief measures and were not intended to be

detriments to taxpayers. The reasoning which the Court used in the *Colson* case applies to a deduction under section 711 (b) (1) (I).

The petitioner, in computing its excess profits credit on its return, added back to income, as abnormal expenditures for intangible drilling and development costs for 1937, the amount of $156,600.68. It says that it did so in the mistaken belief that section 711 (b) (1) (I) was mandatory and it did not learn its error until the Tax Court later decided *Colson Corporation, supra*. The Commissioner attempts to take advantage of the fact that the petitioner first suggested in its return that the intangible drilling and development costs for 1937 should be disallowed under section 711 (b) (1) (I) and, thereafter, tried to show that they should not be disallowed because of the restriction under 711 (b) (1) (K) (ii). The Commissioner, in determining the deficiency, not only disallowed the amount given in the return, but increased that amount. The respondent attempts to distinguish the *Colson* case because there the taxpayer had never suggested that any disallowance of a deduction for abnormalities would be proper, whereas here the taxpayer itself has "invoked the application of section 711 (b) (1) (I), and the respondent only concurred in the action taken by the taxpayer and even increased the benefits sought by the taxpayer by increasing the 'add back' by some $20,000." This difference does not serve to distinguish the cases in principle. The petitioner's right to whatever credit is given under section 713 (f) is a continuing one and was not lost by its mistaken notion of the application of section 711 (b) (1) (I). Furthermore, it is not at all clear that the abnormality or excess was not a consequence of a change in the type, manner of operation, size, or condition of the business engaged in by the taxpayer. It is held, following the *Colson* case, that this petitioner is entitled to have its excess profits tax computed with the benefit of any credit to which it may be entitled under section 713 (f) and, in the computation of that credit, no part of the 1937 deduction for intangible drilling and development costs shall be disallowed.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

OPPER, *J.*, dissenting: For the reasons set forth in the dissenting opinion in *Colson Corporation*, 5 T. C. 1035, I respectfully dissent.

TURNER and DISNEY, *JJ.*, agree with this dissent.